UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ALEO,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTOPHER SMITH,<br><br>        Defendant. | No. 2:13-cv-01673 KJN P<br><br><u>ORDER DIRECTING SERVICE</u><br><u>BY PLAINTIFF</u> |

Plaintiff is a state prisoner again seeking clarification concerning service of process on defendants in this action.[1] Plaintiff acknowledges receipt of this court's most recent order, filed November 15, 2013 (ECF No. 15), which was responsive to a similar request for clarification, and provided in pertinent part:

> Plaintiff is a state prisoner, proceeding without counsel, in this civil rights action. Plaintiff paid the filing fee. By order filed November 1, 2013, plaintiff was informed that the Federal Rules of Civil Procedure require that defendants be personally served process in this action and, therefore, that plaintiff's attempted service of process by mail was inadequate. Plaintiff was instructed that he must comply with the personal service of process requirements of Rule 4, Federal Rules of Civil Procedure, or that he could, alternatively, apply for in forma pauperis status and request that service of process be completed by the United States Marshal. (ECF No. 12.)

---

[1] The court has found service of process appropriate for defendants Christopher Smith, S. Heatley, Lawrence Fong, Rebecca Barnett, and L. D. Zamora. (<u>See</u> ECF No. 5.)

1

> Plaintiff now requests that he be permitted to have a third party serve process on defendants, or that the Marshal be directed to serve process. (ECF No. 13.) The request does not include a completed in forma pauperis application. If plaintiff wishes to have the Marshal serve process, he must submit a completed in forma pauperis application, and the application must be approved. If plaintiff wishes to have a third party serve defendants, such service must be in person; third-party mailing will not suffice. Plaintiff will be accorded additional time within which to make this decision and, if appropriate, to submit his completed in forma pauperis application (which will require formal certification of the amount in plaintiff's prison trust account for the preceding six months). Plaintiff's motion requesting the court's general authorization for service will therefore be denied without prejudice.

Plaintiff has again chosen not to submit an in forma pauperis application. He explains, in his current request for clarification, that he "did not feel that he could meet these requirements." (ECF No. 16 at 2.) However, plaintiff again requests service of process by the United States Marshal's Office and states that he is "willing to pay all filing fees for the Marshal's Office to serve the defendants. . . ."

There is no authority to grant plaintiff's request for service of process by the United States Marshal, either as a matter of courtesy or on a fee-paid basis. Plaintiff must obtain such assistance through an independent process server or a third party known to plaintiff. The court will grant additional time within which plaintiff may complete service of process. See Fed. R. Civ. P. 4(m) (action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed). The following additional requirements, previously set forth by the court (see ECF No. 5), are repeated and consolidated here for plaintiff's convenience.

For the reasons previously stated by this court, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion" for clarification, filed January 15, 2014 (ECF No. 16), is denied.

2. Plaintiff shall complete service of process on each defendant within sixty (60) days from the filing date of this order. Plaintiff shall serve on each defendant: a summons, a copy of the complaint, a copy of this order, and a copy of the form Consent to Proceed Before a United States Magistrate Judge.

3. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

4. After all defendants have replied to the complaint, the court will issue a scheduling order

1  setting forth deadlines for completion of discovery and the filing of dispositive motions.

2      5. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions
3  concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and
4  E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to timely oppose such a motion
5  may be deemed a waiver of opposition to the motion. See L.R. 230(l).  Opposition to all other motions
6  need be filed only as directed by the court.

7      6. If plaintiff is released from prison while this case is pending, any party may request
8  application of the other provisions of L.R. 230 in lieu of L.R. 230(l).  Until such a motion is
9  granted, L.R. 230(l) will govern all motions described in Item No.5 above regardless of plaintiff's
10 custodial status.  See L.R. 102(d).

11     7. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court
12 hereby informs plaintiff of the following requirements for opposing a motion to dismiss for
13 failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a
14 request that the court dismiss without prejudice any unexhausted claims.  The moving party may
15 submit affidavits or declarations under penalty of perjury and admissible documents to support
16 the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under
17 penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made
18 under penalty of perjury in the complaint if the complaint shows that plaintiff has personal
19 knowledge of the matters stated and plaintiff specifies the parts of the complaint on which
20 plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other
21 persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on
22 written records, but plaintiff must prove that the records are what plaintiff asserts they are. If
23 plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on
24 defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court
25 may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a
26 written opposition to the motion, the court may consider the failure to act as a waiver of
27 opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether
28 opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

1         8. If defendant moves to dismiss for failure to exhaust administrative remedies, defendant
2    must contemporaneously serve with the motion, but in a separate document, a copy of the
3    attached Wyatt Notice.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Wyatt, 315 F.3d
4    at 1115, 1120 n.14.  **Failure to do so may constitute grounds for denial of the motion.**
5         9. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v.
6    Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following
7    requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a
8    motion is a request for an order for judgment in favor of the defendant without trial . A defendant's
9    motion for summary judgment will set forth the facts that the defendant contends are not reasonably
10   subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary
11   judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the
12   following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the
13   complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
14   plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file
15   one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's
16   claims; the person who signs an affidavit or declaration must have personal knowledge of the facts
17   stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what
18   plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more
19   depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to
20   contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may
21   accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts
22   are not available to plaintiff when required to oppose a motion for summary judgment, the court will
23   consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If
24   plaintiff does not serve and file a written opposition to the motion, or a request to postpone
25   consideration of the motion, the court may consider the failure to act as a waiver of opposition to the
26   defendant's motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether
27   opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be
28   closed as to that defendant.

10. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods, 684 F.3d at 935; Rand, 154 F.3d at 957. **Failure to do so may constitute grounds for denial of the motion.**

11. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

12. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

13. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

14. The Clerk of Court is directed to send plaintiff additional copies of the following: (a) five (5) additional copies of the summons issued August 27, 2013 (ECF No. 6); and (b) six (6) additional copies of the Consent to Proceed Before a Magistrate judge form.

SO ORDERED.

Dated: March 10, 2014

/aleo1673.srvc.pltf.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l). If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.